# JOHN J. MANION

v.

# THE PEOPLE OF THE STATE OF ILLINOIS.

*Dram Shops—Sec. 9, Chap. 78, R. S.—Indictment—Motion to Quash— Selection of Grand Jurors—Evidence of—Finding of Bill—Assent of Jurors—Affidavits.*

1. The certificate of the county clerk to the clerk of the Circuit Court is competent evidence to show the selection of grand jurors by the county board, although the record of its proceedings do not show such selection.

2. Upon appeal from a judgment finding the defendant guilty under an indictment charging a violation of the provisions of the dram-shop act, this court holds that certain affidavits of grand jurors and a bailiff, filed in support of a motion to quash the indictment on the ground that the required number did not vote for, nor concur in finding, the bill, are insufficient to establish the facts alleged.

[Opinion filed January 10, 1889.]

APPEAL from the Circuit Court of Jefferson County; the Hon. C. C. BOGGS, Judge, presiding.

At the May term, 1887, of the Jefferson Circuit Court, an indictment charging appellant with violation of the provisions of the dram-shop act was returned in open court by the grand jury, with the indorsement thereon, "A true bill. John R. Moss, foreman of the grand jury;" and on May 26, 1887, was by the order of the Circuit Court duly certified to the County Court for process and trial in the latter court at the September term, 1887; and on the 20th day of September appellant entered his motion to quash the indictment, which was overruled by the court; and on September 22d appellant entered his motion to vacate the order overruling his motion to quash, which motion to vacate was also overruled, and upon the petition of appellant the venue was changed to the Circuit Court, and there, at the December term, 1887, appellant moved for leave to renew his motion to quash the indictment, and also moved to quash the same, for the reasons:

1st. "The grand jury which found the bill of indictment were not selected by the board of supervisors of Jefferson county, Illinois, as required by statute, and as appears by the records of said board."

2d. "Because twelve members of said grand jury which returned said bill did not vote for, nor concur in finding, said bill."

And in support of said motion offered the same affidavits as were used in the County Court, and the records of the county board. By stipulation of the parties, filed in the Circuit Court,

it is admitted that before any other steps had been taken in the County Court defendant entered his same motion to quash the indictment, and read in support thereof the affidavits of six members of said grand jury, stating that the final vote upon said bill was taken upon the last day of the session of said grand jury at said May term, 1887; that before said action upon said bill, two members of the grand jury had been excused from further attendance and were not present at the time of taking said final vote, and only twenty-one grand jurors were then present; that on said final vote twelve of said grand jurors did not vote in favor of finding the indict- ment to be a true bill; that no more than seven voted in favor of such finding, and that the remaining fourteen members either refrained from voting at all or voted against finding said bill a true bill; and also read the affidavit of the bailiff who attended the grand jury, stating he was present in the grand jury room when said indictment was finally voted upon, and his affidavit is substantially the same as the affidavits of the six grand jurors in respect of what there took place, except that this affiant states the remaining fourteen members voted against finding said indictment a true bill; and it is further admitted by said stipulation, that in the County Court, in support of said motion, defendant offered in evidence the record of the proceedings of said board of supervisors of Jefferson county at their special meeting on March 22, 1887, and of all meetings at which they could have selected grand jurors for the May term, 1887, of the Circuit Court, and that said records show no action of said board selecting such grand jurors, and the state's attorney introduced the certificate of the county clerk of said county, under his official seal, showing that said county board did select such grand jurors at its special meeting on March 22, 1887, and he filed such certificate with the circuit clerk on March 24th, who issued the venire for said grand jury for said term, 1887, of said Circuit Court, which certificate of the county clerk is set out *in hæc verba* in said stipulation, and shows that said board at said special meeting selected the persons as grand jurors for said May term, 1887, who were duly summoned, appeared, and were

Manion v. The People.

sworn by the County Court. Exception to this ruling of the Circuit Court was duly taken; the defendant pleaded not guilty; by agreement a jury was waived; the cause was submitted to the court for trial, which resulted in finding defendant guilty on the first count of said indictment; a motion for new trial, for the reasons that the court declined to consider his motion to quash the indictment, and refused to quash the same, was interposed on behalf of defendant, and overruled. A motion in arrest of judgment was also made and overruled. The court entered judgment on the finding for $20 fine and costs. Exceptions were duly taken to the ruling and judgment of the court, and the record is brought here for review and to reverse said judgment.

Messrs. GEO. B. LEONARD and C. H. PATTON for appellant.

The proceedings to impanel a grand jury in a case is a part of the prosecution, and this jury should be selected as provided by statute. Clawson v. The United States, 114 U. S. 477. And where the grand jury is selected without authority the whole proceeding of forming the panel is void. Gale v. The United States, 109 U. S. 65. Every citizen is entitled to his liberty unless he shall be deprived thereof by due process of law. See Section 2, Article 2 of Constitution of the State of Illinois. In this case the defendant has been deprived of this right without such due process. On the contrary, the proceedings, from their inception, bring in plain violations of the constitution and laws of this State. The statute of May 7, 1873, provides that the county board of the county shall select the grand jury; and unless the grand jury that is claimed returned the indictment in this case were so selected they should have been discharged at once by the court and a special venire issued for a grand jury, "and this is the only mode to obtain one under such circumstances." Epson v. The People, 78 Ill. 248; Beasley v. People, 89 Ill. 575.

The county clerk* certifies the names of the persons who sat upon this grand jury as being those selected by the county board of Jefferson county at its special meeting of March 22, 1887. This clerk keeps a record of the proceedings of this

board, showing all it did at this special meeting; and he also keeps a record of the acts and proceedings of this board for each and every one of its meetings at which it could have selected these persons as grand jurors for this term of the Circuit Court. It is admitted that all of these records were offered in evidence in the County Court in support of this motion to quash this indictment, and that they show that no action was taken by this board in relation to the selection of persons to serve as grand jurors; and we do not think that the law will say that these records shall be set aside as untrue, nor can it be held that these are only partial or incomplete records in order that this certificate of the county clerk may stand. If there was no record a different case would be presented; but when here the record will stand and the clerk's certificate must fall and with it this entire case.

The clerk can certify only to what he finds upon the files and records remaining in his office. Augustine v. Doud, 1 Ill. App. 588.

Where a record has been made, it must be tried by itself, and so stand or fall. Weis v. Tiernan, 91 Ill. 27; Young v. Thompson, 14 Ill. 380.

In this case the appellee could as well have offered to prove by the oral evidence of this county clerk that this board of supervisors selected these grand jurors as to ask that he be allowed to certify to a matter in contradiction to this record, and this he could not do. See McIntyre v. The People, 103 Ill. 380.

It is stipulated in this record that this grand jury was not summoned by order of the Circuit Court under its common law powers.

If this grand jury was not lawfully assembled and organized that fact should be presented to the court by notice to quash or challenge to the array. Barron v. The People, 73 Ill. 258; Stone v. The People, 2 Scam. 332.

This motion to quash should have been sustained because the indictment was not found or returned by this grand jury, but was presented to the court through fraud or mistake. This is abundantly shown by six affidavits of those men who

sat in this body, and also by that of their bailiff; all of whom say that when the final vote was taken upon this bill which had been presented to them that "twelve of their number did not concur in returning the same as a 'true bill.' That their affidavits should have been considered by the court in support of this motion, is sustained by Greenl. Ev., Sec. 252, which says that "a grand juror may be asked whether twelve of their number actually concurred in the finding of a bill, the certificate of the foreman not being conclusive evidence of that fact."

And it was held in Granger v. Warrington that where grand jurors are not required to take an oath of secrecy they are competent witnesses to prove general facts which come to their knowledge while acting as grand jurors. Wharton's Am. Crim. Law, Sec. 511; People v. Hulbut, 4 Den. (N. Y.) 133; State v. Oxford, 30 Tex. 428; State v. Squire, 10 N. H. 558; State v. Simmons, 36 Me. 128; Com. v. Craus, 3 Penn. Law Journal, 422; State v. Offut, 4 Blackf. 355; People v. Young, 31 Cal. 564; Crocker v. State, Meigs, 127; U. S. v. Charles, 2 C. C. C. 76; Commonwealth v. Hill, 11 Cush. 137; Jenley v. Rogers, 2 Halst. (N. J.) 347; Com. v. Mead, 12 Gray, 167; State v. McLeod, 1 Hawks, 341; State v. Beebe, 17 Minn. 241.

All of which authorities show that these grand jurors (under the oath administered in this State) are competent witnesses to disclose to the court the error that has been perpetrated.

Again, the courts have said, "It seems to be at variance with the constitutional right of the citizen, and the principles of the common law, with the general course of proceeding in criminal trials, with analogous cases, with the general power and duty of the court, that the court should be solemnly made known with the fact that through mistake of the law, ignorance of his duty, or malicious design, the foreman of the grand jury had certified and delivered into court as a true bill, one that in fact was not found by them." Law's Case, 4 Maine, 450; Commonwealth v. Smith, 9 Mass. 107; Ex parte Strong, 164 Cal. 526; Bernham v. Halfield, 5 Ind. 21.

Even if the old rule of the common law should be found to still prevail in some courts, that would not be true in our State, as we have a statute defining what a grand juror may not disclose (see Sec. 472, Chap. 38, Starr & C. Ill. Stat.); and we submit that the affidavits here offered do not in any way conflict therewith.   And this statute has been passed upon by our Supreme Court—where they go much farther than the defendant asks the court to do here in his humble endeavor, not to show what this grand jury did, but to show what they did not do—where they hold that the grand jurors may even disclose what the witnesses testified to before them.   See Bressler v. The People, 117 Ill. 422, and the authorities there cited, to wit:   Commonwealth v. Mead, 12 Gray, 167; State v. Broughton, 7 Ired. 96; Gordon v. Commonwealth, 92 Pa. St. 216; Little v. Com., 25 Gratt. 921; State v. Wood, 53 N. H. 484.

Mr. WILLIAM H. GREEN, State's Attorney, for appellees.

The objection urged by appellant that the County Court should have sustained the motion to quash is not sustained by the weight of authorities.

In this case, as shown by the record, the jurors composing the grand jury for the May term, A. D. 1887, of the Jefferson county Circuit Court, were duly selected by the board of supervisors at a special meeting of the board March 22, 1887.

This is shown by the certificate of the county clerk, certifying that on that date " the following named persons were selected by the board of supervisors of said county, at its special meeting on the 22d day of March, 1887, to serve as grand jurors at the May term of the Circuit Court of said county, as appears from the official record of said board.

Upon receiving this certificate the circuit clerk issued his venire " for said grand jury for the May term of said court." The persons named in the certificate of the county clerk were duly summoned, and with the exception of one, served on the grand jury.   No objection was made in the court below to the qualifications of any of the jurors thus selected.

The only proof offered by appellant to show that the jurors, who served on the grand jury at the May term, 1887, were

not selected by the board of supervisors as provided for by the statute, was the "record" of its proceedings at the special meeting in March, and the records of other meetings at which they could have been selected.

The negative proof thus offered is certainly not sufficient to overcome the official act of the clerk, certifying that they were so chosen. The court will presume, until the contrary is shown, that the official acts of an officer are legal, and that the matters contained in his certificate are true. The mere clerical error in not embracing in the records the minutes of the proceedings of the board of supervisors, and the action of the board in selecting a grand jury, will not render its action invalid.

Here the official act of the county clerk becomes a part of the record of the circuit clerk's office, and can not be attacked by the mere fact that the minutes of the proceedings of the board of supervisors, as recorded by the county clerk, fails to show their action in selecting the grand jury. The official certificate of the county clerk shows the board of supervisors selected this grand jury, and other proof could have been easily obtained and introduced in evidence by the defendant at the trial courts, to prove this grand jury was never in fact so selected, had this been true. Appellant is satisfied to rely on such negative proof to overcome the official acts of the county clerk.

All legal presumptions would be that the members of the board of supervisors and the county clerk under their respective oaths of office performed their duty as required by law, until the contrary is shown by clear and positive evidence. Mackin v. The People, 115 Ill. 312; Mapes v. The People, 69 Ill. 523.

Mere irregularity in drawing or selecting the jury, where no positive injury is shown to have been done the accused, is not sufficient cause to sustain a motion to quash or challenge to the array. Wilhelm v. The People, 72 Ill. 468; Davison v. The People, 90 Ill. 222; Beasley v. The People, 86 Ill. 575; Barron v. The People, 73 Ill. 256; Williams v. The People, 54 Ill. 422; Allen v. The People, 77 Ill. 484; White v. The People, 81 Ill. 333.

Appellant urges that it was error on the part of the Circuit Court to refuse to entertain the motion to quash after it had been passed upon by the County Court.

As the County Court has concurrent jurisdiction with the Circuit Court in all misdemeanors, to have entertained the motion to quash would have been to reverse the decisions of a court of equal jurisdiction.

Courts will not entertain or encourage the practice of obtaining the judgment of one court upon a point involved in the case.

The refusal of the County Court to sustain the motion to quash, supported by the affidavits of the several grand jurors, based upon the facts set forth in the affidavits that twelve jurors did not vote in favor of finding a true bill, was proper in the light of the weight of authorities.

The better opinion prevails among the courts of the different States, as at common law, that it is against public policy to allow a grand juror, or an officer in charge of the grand jury, to state how he or any other grand juror voted. The policy of the law has always been to keep strictly secret everything that transpires in a grand jury room. In order to prevent any disclosure of the proceedings before the grand jury, it is provided in Sec. 472, Starr & C. Ill. Stat. 1885, that "No grand juror or officer of the court or other person shall disclose that an indictment for felony is found or about to be found against any person not in custody or under recognizance, except by issuing process for his arrest, until he is arrested; nor shall any grand juror state how any member of the jury voted, or what opinion he expressed on any question before them; and the court in charging said jury shall impress upon their minds the provisions of this section. A violation of this section shall subject the offender to an attachment as for contempt of court, in which he may be fined not exceeding $500."

If, as insisted, a grand juror can be permitted to testify as to whether or not twelve voted to find "a true bill," a curious defendant could easily find who voted for and who against him, and thus "subject our grand juries to influences utterly

Manion v. The People.

destructive of our criminal laws." The State v. Oxford, 30 Texas, 430.

GREEN, P. J. The only question necessary to be considered and determined by this court is whether the Circuit Court erred in refusing to quash the indictment. Appellant contends such error was committed, because "the grand jury which found the bill of indictment were not selected by the board of supervisors of Jefferson county, Illinois, as required by statute, as appears by the records of said board," and because "twelve members of said grand jury, which returned said bill, did not vote for nor concur in finding said bill."

Sec. 9 of Chap. 78, Starr & C. Ill. Stat., p. 1419, is the section providing for drawing grand jurors. It prescribes the duty of the county board to select twenty-three qualified persons to serve as grand jurors, and to cause their clerk to certify the names of those persons to the clerk of the court for which they are selected, who shall issue and deliver to the sheriff a summons commanding them to appear and serve as grand jurors, at the court and term named in said certificate.

By virtue of this section, the certificate of the county clerk is made something more than a mere paper in which the action of the board is recited. It is filed in the office of the circuit clerk, and is then evidence of record, and the only evidence furnished the circuit clerk of the fact that certain persons named therein have been selected by the county board to attend and act as grand jurors. It is not required that he should be informed by a transcript of the record of the proceedings of the board that such selection has been made, but the certificate itself informs him of the facts which make it his duty and give him authority to issue the summons for the persons therein named, to attend and serve as grand jurors. Entertaining this view of the character and effect given by the statute to such certificate, we can not hold, as requested on behalf of appellant, that the omission of the county clerk to record the act of selecting these grand jurors among the other proceedings of the board at its special meeting in March,

1887, has closed the door against proving that act, and establishes the fact, the persons who were impaneled, sworn, and as a grand jury returned the indictment against appellant were not selected by the board of supervisors of Jefferson county; but are of opinion the said certificate of the county clerk, delivered to and filed with the circuit clerk, was competent evidence, and by it the fact that said board, at its special meeting in March, 1887, did select the grand jury which found the indictment against appellant was fully proven, and hence the first reason suggested for quashing said indictment is not tenable.

The second and only other reason urged in support of said motion is, that the requisite number of grand jurors did not vote for nor concur in finding the bill, and upon this point we have been favored by the learned counsel for appellant with a very able argument, fortified by numerous authorities, including decisions of our Supreme Court, to sustain the position that in support of a motion to quash an indictment for such reason, grand jurors are competent witnesses to prove the fact that twelve of their number did not concur in finding an indictment; but if we concede this to be the law, the affidavits in this record do not state facts, which, taken in connection with other facts disclosed by the record, would justify the court in quashing the indictment. The provision of the statute which it is claimed these affidavits show to have been violated, is correctly quoted in the brief for appellant and is as follows: "In finding a bill of indictment at least sixteen of the grand jury shall be present, and at least twelve of them shall agree to the finding." No mode of signifying assent is here prescribed, no vote is required, and in the affidavit of the six grand jurors the affiants carefully refrain from stating that twelve of the grand jurors never did agree to the finding, but say that at one time when a final vote was taken in the grand jury room, and twenty-one of the grand jurors were present, only seven voted in favor of finding the indictment a true bill, and the remaining fourteen either refrained from voting at all or voted against such finding, and the affidavit of the bailiff states the same in substance, except that he deposes without

qualification, the remaining fourteen voted against such finding. Waiving comment upon the contradictory statements thus appearing in these affidavits, and admitting that fourteen members of the grand jury voted against the finding at that time, it is not thereby made to appear this action terminated, the consideration of the question, or that twelve members did not afterward, and before the indictment was returned, agree to the finding and signify their assent thereto by some mode other than a formal vote. In addition to this, it is shown by the record the grand jury appeared in open court and returned this indictment indorsed a true bill, and no member thereof is shown to have manifested dissent or made objection. This action, though not conclusive evidence that at least twelve of the grand jurors then present had agreed, creates a presumption that they had done so much stronger than any inference to the contrary that can be fairly drawn from the statements in the affidavits, and we think appellant has failed to prove the material fact that twelve members of the grand jury did not agree in finding said indictment a true bill, and the court did not err in refusing to quash the same.

The judgment is affirmed.

*Judgment affirmed.*